Eve L. Hill
EHill@browngold.com

June 25, 2026

**<u>VIA CM/ECF</u>**
Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

   Re: *John Doe v. Catholic Relief Services*, No. 25-1569
     Notice of Supplemental Authority

Dear Ms. Anowi:

   Appellee John Doe respectfully submits this notice of supplemental authority pursuant to Federal Rule of Appellate Procedure 28(j).

   On June 18, 2026, the Ninth Circuit vacated the three-judge panel decision in *Union Gospel Mission of Yakima Washington v. Brown*, 162 F.4th 1190 (9th Cir. 2026), *reh'g en banc granted, opinion vacated*, No. 24-7246, 2026 WL 1758172 (9th Cir. June 18, 2026) (attached as Ex. 1). Appellant cited the now-vacated opinion in its Reply brief to this Court to argue that the church autonomy doctrine broadly insulates its benefits decision from judicial review because, it claimed, "the church autonomy doctrine protects the decision to hire co-religionists for non-ministerial roles if that decision is based on the organization's sincerely held religious beliefs." Appellant's Reply Br. at 5-6 (quoting *Union Gospel*, 162 F.4th at 1197). The Court questioned both parties extensively on the impact of *Union Gospel* during oral argument. The Ninth Circuit has now vacated the January 2026 panel opinion.

   With *Union Gospel* now vacated, there is no court that has held that the church autonomy doctrine is as expansive as Appellant argues. *See* Appellant's Reply Br. at 5-6 (relying on *Union Gospel* to counter the point "that the church autonomy doctrine is cabined in the employment context to the ministerial exception" and for support that applying the doctrine was "the only way" to adjudicate the dispute (citing *Union Gospel*, 162 F.4th at 1197, 1204, 1209)). The Ninth Circuit's *en banc* rehearing underscores that the scope of church autonomy advanced by Appellant is unsettled and should not bar adjudication under neutral, generally applicable legal principles consistently applied by this Court as framed in Appellee's brief.

BROWN, GOLDSTEIN & LEVY, LLP

Respectfully submitted,


_/s/ Eve L. Hill_
Eve L. Hill, Esq. (Bar No. 19938)
Lauren DiMartino, Esq. (Bar No. 22046)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Tel: (410) 962-1030
Fax: (410) 385-0869
ehill@browngold.com
ldimartino@browngold.com

Shannon C. Leary, Esq. (Bar No. 18396)
James A. Hill, Esq. (Bar No. 21718)
GILBERT EMPLOYMENT LAW, P.C.
8403 Colesville Road, Suite 1000
Silver Spring, Maryland 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
Sleary-efile@gelawyer.com
Jhill-efile@gelawyer.com

Anthony J. May, Esq. (Bar No. 20301)
NUSINOV SMITH LLP
2800 Quarry Lake Drive, Suite 160
Baltimore, Maryland 21209
Tel: (410) 554-3600
Fax: (410) 554-3636
amay@nusinovsmith.com

_Attorneys for Plaintiff-Appellee John Doe_

cc:    All counsel of record via CM/ECF

# EXHIBIT 1

2026 WL 1758172
Only the Westlaw citation is currently available.
United States Court of Appeals, Ninth Circuit.

UNION GOSPEL MISSION OF YAKIMA
WASHINGTON, Plaintiff - Appellee,

v.

Nick BROWN, in his official capacity as
Attorney General of Washington State; Andreta
Armstrong, in her official capacity as Executive
Director of the Washington State Human
Rights Commission; Deborah Cook, in her
official capacity as Commissioner of the
Washington State Human Rights Commission;
Guadalupe Gamboa, in her official capacity as
Commissioner of the Washington State Human
Rights Commission; Jeff Sbaih, in his official
capacity as Commissioner of the Washington
State Human Rights Commission; Han Tran,
in his official capacity as Commissioner
of the Washington State Human Rights
Commission, Defendants - Appellants.

No. 24-7246
|
FILED June 18, 2026

D.C. No. 1:23-cv-03027-MKD, Eastern District of
Washington, Yakima,

MURGUIA, Chief Judge:

Dissent by Judge Bumatay

## ORDER

**\*1** Upon the vote of a majority of nonrecused active judges, it is ordered that this case be reheard en banc pursuant to Federal Rule of Appellate Procedure 40(c) and Circuit Rule 40-3. The three-judge panel opinion is vacated.

BUMATAY, Circuit Judge, joined by VANDYKE and TUNG, Circuit Judges, dissenting from the grant of rehearing en banc:

We face an alarming trend on this court. It goes without saying that the First Amendment's protection of religious liberty is among our most fundamental and cherished rights. Simply, the freedom of religion is central to our freedom. Indeed, our nation was formed in part to break from government oppression of the religious. So this right is "a peculiarly American conception"—"one that emphasizes the integrity and diversity of religious life rather than the secularism of the State." Michael W. McConnell, *The Origins and Historical Understanding of Free Exercise of Religion*, 103 Harv. L. Rev. 1409, 1416 (1990).

Despite this, the Ninth Circuit has relegated religious liberty to a second-class right. In case after case, our court has condoned governmental interference with the rights of the religious to practice their faith as they believe. *See, e.g., Kennedy v. Bremerton Sch. Dist.*, 4 F.4th 910, 945 (9th Cir. 2021) (R. Nelson, J., dissenting from the denial of reh'g en banc); *Hittle v. City of Stockton*, 101 F.4th 1000, 1019 (9th Cir. 2024) (VanDyke, J., dissenting from denial of reh'g en banc); *Olympus Spa v. Armstrong*, 169 F.4th 817, 862 (9th Cir. 2026) (Tung, J., dissenting from denial of reh'g en banc); *Woolard v. Thurmond*, 170 F.4th 701, 710 (9th Cir. 2026) (Bumatay, J., dissenting from denial of reh'g en banc); *Detwiler v. Mid-Columbia Medical Ctr.*, 172 F.4th 1072, 1072 (9th Cir. 2026) (Forrest, J., dissenting from denial of reh'g en banc). And our failure to guard against intrusions on religious liberty has not gone unnoticed. *See Mirabelli v. Bonta*, 607 U.S. 492, 496–97, 146 S.Ct. 797, 224 L.Ed.2d 310 (2026).

Now, with this en banc vote, we continue down this disturbing path. In what is likely a foregone conclusion, our court steps toward endorsing the view that States can force a religious organization to hire individuals who openly flout its religious beliefs and teachings. As a matter of constitutional first principles and precedent, that's wrong. *See Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 591 U.S. 732, 746, 140 S.Ct. 2049, 207 L.Ed.2d 870 (2020). Perhaps I'm wrong, in which case I will celebrate the win for the First Amendment. But given our court's track record, I have doubts.

The Constitution exists for a reason. It enshrines enduring principles. Those principles must be protected against all—even against encroachment by popular causes. But the Ninth Circuit has made clear that it will subordinate religious liberty

—that precious American principle—whenever its judges decide that the right simply isn't worth it.

We are better than this.

I respectfully dissent from the grant of rehearing en banc.

**All Citations**

--- F.4th ----, 2026 WL 1758172 (Mem)

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

---