**Joe Dugan**
410.951.1421
jdugan@gallagherllp.com

July 1, 2026

**By CM/ECF**
Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
1100 E. Main St., Ste. 501
Richmond, VA 23219

> **Re:** ***John Doe v. Catholic Relief Services*, No. 25-1569**
> <u>**Response to Fed. R. App. P. 28(j) Letter**</u>

Dear Ms. Anowi:

While Defendant-Appellant Catholic Relief Services—United States Conference of Catholic Bishops draws no conclusions about the likely outcome of the *en banc* proceedings in *Union Gospel Mission of Yakima Washington v. Brown*, 162 F.4th 1190 (9th Cir. 2026), *vacated*, — F.4th — , 2026 WL 1758172 (9th Cir. 2026) (mem.), Plaintiff-Appellee John Doe's characterization of the *Union Gospel* panel opinion as an outlier is not accurate. The opinion is premised on the U.S. Supreme Court's recognition in *Our Lady of Guadalupe School v. Morrissey-Berru*, 591 U.S. 732, 746 (2020), that the First Amendment protects the autonomy of religious institutions "with respect to internal management decisions that are essential to the institution's central mission." The ministerial exception is "based on this insight," *id.*, but the scope of church autonomy is far broader. *E.g.*, *McRaney v. N. Am. Mission Bd. of the S. Baptist Convention, Inc.*, 157 F.4th 627, 636 (5th Cir. 2025) (discussing the "wide-ranging scope of the doctrine"), *cert. denied*, — S. Ct. —, 2026 WL 490870 (2026) (mem.).

While Mr. Doe reads the *Union Gospel* panel opinion's treatment of church autonomy as "expansive," the Tenth Circuit held, akin to the reasoning of *Union Gospel*, that conduct "rooted in religious belief" has the "protection of the Religion Clauses." *Gaddy v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 148 F.4th 1202, 1212 (2025) (citation omitted), *cert. denied*, — S. Ct.

1000479

# Gallagher LLP

—, 2026 WL 568375 (2026) (mem.).  That same court applied church autonomy decades ago to bar an employment dispute without reaching the question whether the ministerial exception might apply.  *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 658 n.2 (10th Cir. 2002).  The Fifth Circuit in *McRaney* likewise applied church autonomy to bar employment claims, 157 F.4th at 647, 650, while recognizing in that case that the "ministerial exception 'gilds the lily,'" *id.* at 651 (citation omitted).

The *Union Gospel* panel opinion was well-reasoned, but Catholic Relief Services' church autonomy argument is not dependent on that case, however the *en banc* proceedings play out.

Respectfully submitted,

*/s/ Joe Dugan*

Joe Dugan
Brian Tucker
Collin Wojciechowski
GALLAGHER LLP
650 S. Exeter St., Ste. 1200
Baltimore, Maryland 21202
Phone:  (410) 727-7702
jdugan@gallagherllp.com
btucker@gallagherllp.com
cwojciechowski@gallagherllp.com

*Counsel for Defendant-Appellant Catholic Relief Services–United States Conference of Catholic Bishops*

CC:  counsel of record (by CM/ECF)

1000479